UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


ROBERT PETERSON, # 1400000927                                             PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:16cv714-DPJ-FKB

HINDS COUNTY SHERIFF'S
DEPARTMENT, VICTOR MASON, and
CAPTAIN DALTON                                                            DEFENDANTS


ORDER

This matter is before the Court *sua sponte* for consideration of dismissal for failure to

prosecute and obey Court Orders. Pro se Plaintiff Robert Peterson is a pretrial detainee at the

Hinds County Detention Center in Jackson, Mississippi. Peterson initiated this action on

September 13, 2016.

The next day, the Court sent Peterson a notice of the Prison Litigation Reform Act, an

Acknowledgment of Receipt and Certification, and a form Notice of Voluntary Dismissal. The

Court ordered Peterson to sign and file either the Acknowledgment or Voluntary Dismissal.

Order [3]. By separate Order [4], the Court also directed Peterson to either pay the $350 filing

and $50 administrative fees or to amend his application to proceed *in forma pauperis*. The

responses were due October 14, 2016.

Peterson failed to comply, and the Court entered an Order to Show Cause [5], on

November 2, 2016, ordering him to show cause, by November 16, 2016, why this case should

not be dismissed for failure to obey the Court's Orders [3, 4].

Having received no response, the Court entered a Second Order to Show Cause [6] on

November 30, 2016. The Court gave Peterson one final chance to comply. All Orders were sent

to Peterson's address of record, and none were returned as undeliverable.  As of this date,

Peterson has not responded or otherwise contacted the Court.

The Court has repeatedly warned Peterson that failure to prosecute or comply with any

Court order may result in this case being dismissed.  *See* Second Order to Show Cause [6] at 2;

Order to Show Cause [5] at 1–2; Order [4] at 1–2; Order [3] at 2.  The Court has the authority to

dismiss an action for the plaintiff's failure to prosecute or to comply with a court order under

Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to dismiss an

action *sua sponte*.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).  The Court must be

able to dismiss cases such as this that "remain[ ] dormant because of the inaction or dilatoriness

of the parties seeking relief," "in order to prevent undue delays in the disposition of pending

cases and to avoid congestion in the calendars of the District Court[]."  *Id.* at 629–30.  Because

Defendants have neither responded to the Complaint nor appeared in this action and the Court

has never considered the merits of the claims, this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

this case is hereby **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment will be

entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of December, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE